```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/10/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
TYRON McCALLUM,                                    :
:
Petitioner,                                        :         OPINION AND ORDER
:
-against-                                          :
:         19 Civ. 2388 (NSR)(VR)
SUPERINTENDENT LaMANNA,                            :
:
Defendant.                                         :
-----------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

    Pro se Petitioner Tyron McCallum ("Petitioner") commenced the instant proceeding pursuant to 28 U.S.C. § 2254 challenging his detention and criminal conviction in New York State Supreme Court, Westchester County. (ECF No.1.) Respondent opposed the petition. (ECF Nos.16 & 17.) The case was initially referred to Magistrate Judge Lisa M. Smith (ECF No. 8) and subsequently re-assigned to Magistrate Judge Victoria Reznik, ("MJ Reznik"), pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), to issue a Report and Recommendation ("R & R") on Petitioner's petition. (See Docket entry September 18, 2023.) Presently before the Court is MJ Reznik's R & R recommending that Petitioner's petition be DENIED and the matter deemed DISMISSED. (ECF No. 26.) For the following reasons, the Court adopts the R & R in its entirety.

**STANDARD OF REVIEW**

    A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In

1

such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed de novo. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a de novo review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and

conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge,* No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Despite the passage of more than fourteen days, neither Petitioner nor Respondent have objected to MJ Reznik's R & R. As required, the Court reviews the R & R for clear error. Upon a thorough review of the record and MJ Reznik's well-reasoned decision, the Court finds the conclusion(s) reached are grounded in fact and law. Accordingly, the Court finds no clear error.

As outlined in more detail in the R & R, Petitioner was convicted following a guilty plea in New York State Supreme Court, Westchester County pursuant to a plea agreement to a reduced charge of Manslaughter in the First Degree and Criminal Possession of a Weapon in the Second Degree, with agreed upon sentences of twenty-four and one half years on the manslaughter count and three and one half years on the weapons count, to run consecutively, to be followed by five years of post-release supervision. Petitioner's plea was for his involvement in two separate incidents in Westchester County, the shooting death of Cleveland Baxter and a shooting incident targeting Nikki Morris.

In his petition, Petitioner raised three claims, namely that the trial court's issuance of a protective order deprived him of his due process rights and right to confrontation, and that the court imposed a harsh and excessive sentence. As MJ Reznik determined, *inter alia*, Petitioner's

3

claims regarding the court-issued protective order were procedurally barred from federal review. Lastly, the court-imposed sentence was not grossly disproportionate to the crime he pled guilty to. As determined by MJ Reznik, the sentence imposed was within the statutory range permitted by state law. Thus, the denial and dismissal of Petitioner's petition was warranted.

## CONCLUSION

Upon a review of the R & R, the Court finds no clear error on the face of the record. Accordingly, the Court adopts MJ Reznik's R & R in its entirety. The petition is deemed DISMISSED. The Clerk of the Court is respectfully directed to terminate this action. Clerk of Court is requested to mail a copy of this Opinion to the pro se Petitioner at the address on ECF and to show service on the docket.

Dated: September 10, 2025  
   White Plains, New York

SO ORDERED

_____  
Nelson S. Roman  
U.S. District Judge